

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. MACE,<br><br>                    Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden,<br><br>                  Respondent. | Case No.: 16cv1802-JAH (KSC)<br><br>**REPORT AND RECOMMENDATION RE RESPONDENT'S MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 11]** |

Before the Court is a First Amended Petition for Writ of Habeas Corpus ("Amended Petition") filed on August 10, 2016, by petitioner William T. Mace ("petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*. [Doc. No. 5.] On November 17, 2016, respondent W.L. Montgomery ("respondent") filed a Motion to Dismiss the First Amended Petition for Writ of Habeas Corpus as untimely filed. [Doc. No. 11.] On March 10, 2017, petitioner filed an Opposition to the Motion to Dismiss. [Doc. No. 15.] After a thorough review of the Amended Petition [Doc. No. 5], respondent's Motion to Dismiss [Doc. No. 11], petitioner's Opposition thereto [Doc. No. 16], and the supporting documents submitted by the parties [12], the Court **RECOMMENDS** that respondent's Motion to Dismiss be **GRANTED** and that the Amended Petition be **DISMISSED**.

1

# I. PROCEDURAL HISTORY

The record of petitioner's prior state and federal judicial proceedings presented in the Amended Petition spans approximately six years, beginning with his 2011 criminal conviction and sentencing, until the August 2016 filing of the Amended Petition, which is now before the Court. In July 2011, petitioner was convicted of one count of murder and two counts of attempted murder in San Diego Superior Court.[1] [Doc. No. 12-1.] On March 27, 2014, the California Court of Appeal affirmed the judgment on all counts in that case[2].

On May 6, 2014, petitioner filed a petition for review to exhaust state remedies in the California Supreme Court. [Doc. No. 12-2.] On June 11, 2014, the California Supreme Court summarily denied the petition in that case[3]. [Doc. No. 12-3.] On October 20, 2014, petitioner filed an application with the Court of Appeal, Fourth Appellate District, requesting an order directing petitioner's appellate trial counsel to furnish petitioner's appellate trial files to petitioner.[4] [Doc. No. 12-4.] On October 23, 2014, the Court of Appeal, Fourth Appellate District, denied this request without prejudice. [Doc. No. 12-6.] The Order notified petitioner that he could file an appropriate motion in the superior court. *Id.*

---

[1] At trial, petitioner admitted that while he was a passenger in a vehicle traveling on the freeway, he fired several shots at another vehicle, including the shot that killed the murder victim, but claimed that he did so in self-defense because he believed that an occupant of the other vehicle was reaching for something with which to attack him. [Doc. No. 12-12, at p. 1.]

[2] Case Number D061642

[3] Case Number S218377

[4] On October 23, 2014, the deputy clerk with the Court of Appeal, Fourth Appellate District, notified petitioner in a letter that his application, filed on October 20, 2014, was erroneously filed as a petition for writ of mandate and assigned the wrong case number. [Doc. No. 12-5.] The deputy clerk further notified petitioner in the October 23, 2014 letter that petitioner's application should have been filed in case number D061642, *The People v. Mace. Id.* The deputy clerk corrected the error and the application requesting an order directing petitioner's appellate trial counsel to furnish petitioner's appellate trial files to petitioner was correctly filed in case number D061642. *Id.*

1    On December 15, 2014, petitioner filed a second application with the Court of
2    Appeal, Fourth Appellate District, requesting an order directing petitioner's appellate trial
3    counsel to furnish petitioner's appellate trial files to petitioner. [Doc. No. 12-7.] On
4    December 15, 2014, the Court deemed the application a petition for writ of mandate, and
5    assigned it case number D067129. [Doc. No. 12-8.] On December 17, 2014, the Court
6    denied petitioner's application directing petitioner's appellate trial counsel to furnish
7    petitioner's appellate trial files to petitioner. *Id.*

8    On September 23, 2015, petitioner filed a petition for writ of habeas corpus in the
9    Superior Court of San Diego, case number HSC11516, alleging he received ineffective
10   assistance of counsel from both his trial and appellate counsel, and that insufficient
11   evidence supported his conviction. [Doc. No. 12-9.] On October 1, 2015, the Superior
12   Court of San Diego denied the petition on the merits. [Doc. No. 12-10.]

13   On December 7, 2015, petitioner filed a petition for writ of habeas corpus in the
14   California Court of Appeal, Fourth Appellate District, at case number D069352, alleging
15   ineffective assistance counsel from his trial and appellate counsel, and insufficient
16   evidence to support his conviction. [Doc. No. 12-11.] On December 9, 2015, the Court of
17   Appeal, Fourth Appellate District, denied the petition on its merits. [Doc. No. 12-12.]

18   On January 19, 2016, petitioner filed a petition for writ of habeas corpus in the
19   California Supreme Court, case number S231901, again alleging ineffective assistance of
20   counsel from his trial and appellate counsel, and insufficient evidence. [Doc. No. 12-13.]
21   On April 27, 2016, the California Supreme Court denied the petition for writ of habeas
22   corpus. [Doc. No. 12-14.]

23   On July 11, 2016, petitioner filed a petition for writ of habeas corpus in this Court
24   (hereinafter "First Federal Petition"). [Doc. No. 1.] On July 18, 2016, this Court denied
25   the First Federal Petition without prejudice for failing to pay the filing fee and failing to
26   name a respondent. [Doc. No. 2.]

27   The instant Amended Petition was filed on August 10, 2016. [Doc. No. 5.] The
28   Amended Petition presents four grounds for relief: (1) ineffective assistance of trial

counsel; (2) ineffective assistance of appellate counsel; (3) insufficient evidence to support his convictions; and (4) trial court's denial of the defense request to grant immunity to a defense witness deprived petitioner of his rights to due process, among other things. [Doc. No. 5, at pp. 6-10.]

## II.  STANDARD OF REVIEW

The Amended Petition is governed by 28 U.S.C. § 2254, as amended by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2254(a) sets forth the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treatises of the United States. 28 U.S.C. § 2254(a).

As amended, 28 U.S.C. § 2254 (d)(1-2) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> 1. resulted in a decision that was contray to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(a) and (d).

To obtain federal habeas relief, a petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 399, 403 (2000). Under § 2254(d)(1), "a state court decision is 'contrary to our clearly established [federal precedent] if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this

4

Court and nevertheless arrives at a result different from our precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). Under § 2254(d)(2), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 75. The Supreme Court has clarified that even an erroneous or incorrect state court application of clearly established law constitutes an insufficient basis to grant a habeas petition, unless petitioner establishes that the state court's application was "objectively unreasonable." *Id.*

When there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not provide any reasoning to support its decision, federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established United States Supreme Court law. *Allen v. Ornoski*, 435 F.3d 946, 955 (9th Cir. 2006). A state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early v. Packer*, 537 U.S. 3, 8 (2002). Absent citations to Supreme Court precedent, habeas relief is not merited if the state court decision neither contradicts the reasoning nor the results of Supreme Court holdings. *Id.*

## III. DISCUSSION

### A. Timeliness of the Petition

Any habeas petition filed in federal court after April 24, 1996 is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Under the AEDPA, a state prisoner has one year from the finality of a state court judgment to file a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d); *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief from the judgment cannot restart the timeliness clock. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *see also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

(holding that "§ 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed"); *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002) (prisoners' "ability to challenge the lawfulness of their incarceration is permanently foreclosed" after the one-year limitations period expires).

Normally, a "judgment bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review," at which point the AEDPA clock starts running. 28 U.S.C. § 2244(d)(1)(A); *see Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). For purposes of 28 U.S.C. § 2254, "judgment" refers "to the judgment of conviction and sentence," and "direct review" is the "direct appellate review of that judgment." *Redd v. McGrath*, 342 F.3d 1077, 1081 (9th Cir. 2003); *see Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (specifying that "final judgment" includes both the conviction and sentence under which the prisoner is in custody). For 28 U.S.C. § 2244(d)(1)(A) calculation purposes, the direct review period includes the 90-day period within which a petitioner may file a petition for writ of certiorari in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); *Hemmerle v. Schiro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007).

The AEDPA limitations period is subject to statutory tolling. The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2); *see Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (holding that the time during which a state application is "pending" includes the period between a lower court's denial of relief and the filing in a higher court, provided that the filing in the higher court is timely under state law). Under California's system of independent collateral review, "a prisoner seeks review of a lower court's denial of relief by filing an original petition for habeas corpus relief in the reviewing court." *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010). "Post-conviction review is 'pending,' and thus the statute of limitations tolls, while a prisoner is pursuing a full round of habeas relief in the state court," including the time between a lower court's adverse ruling and the

6

prisoner's filing for relief in a higher state court. *Id.* (citing *Carey*, 536 U.S. at 219-21). "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief— so long as the filing is timely under California law." *Banjo*, 614 F.3d at 968 (citing *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006) (finding a petition timely filed in California if it is filed within undefined "reasonable time")); *see Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008).

When a state court rejects a prisoner's application for post-conviction relief for failure to comply with state-law conditions of filing, the application is not considered "properly filed" as required for statutory tolling. *Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009) (citing 28 U.S.C.A. § 2244(d)(2)); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (untimely petition under state law does not toll the statute because such a petition is "neither 'properly filed' nor 'pending'"). "[T]ime limits, no matter their form, are 'filing' conditions," and when the state court rejected a petition "as untimely, it was not 'properly filed,' and [the petitioner was] not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quoting *Carey*, 536 U.S. at 226).

The AEDPA statute of limitations can be equitably tolled, however, in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-646 (2010) (as "a nonjurisdictional federal statute of limitations" [AEDPA] is "subject to a 'rebuttable presumption' in *favor* of 'equitable tolling'"); *see also, Laws v. Lamarque,* 351 F.3d 919 (9th Cir. 2003); *Doe v. Busby,* 661 F.3d 1001, 1011 (9th Cir. 2011). Nevertheless, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland,* 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). The obstructing casual circumstances must be "'beyond a prisoner's control' and 'make it *impossible* to file a petition on time.'" *Ford v. Gonzalez,* 683 F.3d 1230, 1237 (9th Cir. 2012) (quoting *Spitsyn*

7

*v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (emphasis in original). The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v. Castro*, 292 F. 3d 1063, 1065 (9th Cir. 2002) (court rejected petitioner's argument that "even though his petition was filed after the 1-year statute of limitations had passed, the district court nonetheless should have applied equitable tolling to find the filing was timely").

A federal habeas court should "begin [its AEDPA statute of limitations analysis] with the relevant timeliness calculations." *Miranda*, 292 F.3d at 1065; *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("a court must first determine whether a petition was untimely under the statute itself before it considers whether [statutory or] equitable tolling should be applied").

**1. Statutory Tolling**

In the Motion to Dismiss, respondent contends that the Amended Petition is time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). [Doc. No. 11-1, at p. 8.] Respondent contends that the timeliness calculations should commence on September 9, 2014, based on the following explanation:

> Petitioner has submitted nothing indicating government action created an impediment to his filing a federal petition before July 7, 2016, or that his Petition is based on a newly recognized federal constitutional right. Moreover, the factual predicates of his claim are based on events occurring at trial and during his direct appeal. Thus, the statute of limitations began to run for [petitioner] on the date his judgment became final. The California Supreme Court denied [petitioner's] petition for review to exhaust state remedies on June 11, 2014, and he did not file a petition for writ of certiorari. Therefore, his judgment became final ninety days later, on September 9, 2014.

[Doc. No. 11-1, p. 9.]; *see Bowen*, 188 F.3d at 1159.

Based on the factual record, petitioner did not file an application for post-conviction or other collateral review of the pertinent judgment until September 23, 2015, when he filed his habeas petition in Superior Court at case number HSC11516, more than one year

after the date his direct appeal became final on September 9, 2014. [Doc. No. 12-9.] Although petitioner filed two applications with the state court of appeal requesting an order for trial counsel to deliver his trial files on October 20, 2014, and December 15, 2014, these filings were not applications for collateral review and did not serve to toll the statute of limitations. [Doc. Nos. 12-4, 12-7]; *Ramirez v. Yates*, 571 F.3d 993, 999-1000 (9th Cir. 2009) (applications for discovery motions do not statutorily toll the limitations period because prisoners could substantially extend the time for filing habeas petitions); *see also Hodge v. Greiner*, 269 F. 3d 104, 107 (2d Cir. 2001) (applications under state law to obtain additional documents concerning the investigation of petitioner's offense do not challenge the conviction, and therefore do not statutorily toll the limitations period).

By the time petitioner filed his first state collateral petition on September 23, 2015, the statute of limitations had already expired. *Ferguson*, 321 F.3d at 823 (holding that "§ 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed"). Accordingly, petitioner's First Federal Petition, filed on July 11, 2016, nearly a year after the first state collateral petition, was also untimely.

## 2. Equitable Tolling

The one-year limitations period under AEDPA is also subject to equitable tolling in certain rare circumstances. *Holland*, 560 U.S. at 645. The petitioner bears the burden of proving that equitable tolling is appropriate by establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" of timely filing his petition. *Pace*, 544 U.S. at 418; *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). More specifically, the petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997. The determinations of whether a petitioner is entitled to equitable tolling is a "fact-specific inquiry." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000)). Equitable tolling "is unavailable in most

cases," as the "threshold necessary to trigger equitable tolling is very high." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *Miranda*, 292 F.3d at 1066.

Petitioner has not claimed that he is entitled to equitable tolling, nor has he submitted anything that would support such a claim. As evidenced by the record, petitioner has failed to establish that he was diligent in pursuing his rights. On June 11, 2014, the California Supreme Court denied petitioner's petition for review in case number S218377, but petitioner waited over four months, until October 20, 2014, to file an application with the Court of Appeal, Fourth Appellate District, requesting an order directing petitioner's appellate trial counsel to furnish petitioner's appellate trial files to him. [Doc. Nos. 12-4, 12-7.] When the state court denied his second application for an order directing petitioner's appellate trial counsel to furnish petitioner's appellate trial files to petitioner, petitioner waited nine months, until September 23, 2015, before filing a state habeas petition. [Doc. No. 9.] Thus, petitioner has not been diligent in pursuing his rights. Similarly, petitioner has failed to establish that there were any extraordinary circumstance(s) that prevented him from filing a timely petition. Accordingly, petitioner is not entitled to equitable tolling.

### a. Actual Innocence Exception

A credible claim of actual innocence supported by newly discovered evidence also constitutes an equitable exception to the one-year limitations period under AEDPA. *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). In addition to proving that equitable tolling is appropriate under AEDPA, a petitioner who presents newly discovered evidence of his actual innocence must demonstrate that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Lee*, 653 F.3d at 938. "Tenable actual innocence . . . pleas are rare." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). In *Schlup*, the Court noted that a claim of innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup*, 513 U.S. at 315 (quoting *Herrera v. Collins*, 504 U.S. 390, 404 (1993)); *see also House v. Ball*, 547 U.S. 518, 539 (2006) (noting that the case at

hand involved a "federal habeas petition seeking consideration of defaulted claims based on a showing of actual innocence").

In *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997), the Ninth Circuit held that "a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." Demonstrating probable innocence requires "a stronger showing than insufficiency of the evidence to convict." *Id.* In *Bousley v. United States*, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal citations omitted). In meeting this burden, the petitioner is not limited to the existing trial record because the issue is "factual innocence, not mere legal insufficiency." *Id.*

Here, petitioner admitted at trial "that while he was a passenger in a vehicle traveling on a freeway, he fired several shots at another vehicle, including the shot that killed the murder victim, but claimed that he did so in self-defense because he believed that an occupant of the other vehicle was reaching for something with which to attack him." [Doc. No. 12-12.] Petitioner faults trial counsel for not presenting testimony from a ballistics expert whom petitioner claims would have explained, based on bullet trajectories and fragments, that petitioner could not have fired some of the shots. [Doc. No. 12.] Petitioner also faults his appellate counsel for not presenting trial counsel's incompetence as a ground for reversal on appeal. *Id.* He further contends that the evidence at trial was insufficient to prove that he had the mental state required for the crimes of which he was convicted because he simply fired "warning shots" at the vehicle and did not intend to kill any of its occupants. *Id.*

Respondent contends that any favorable expert would have been rejected by the jury in light of petitioner's own testimony admitting that neither he nor his friends were in imminent danger at the time he shot at the car in which the victim was riding, and admitting that he fired before he could determine whether a passenger in the other car was actually

11

reaching for something. [Doc. No. 11-1, at p. 13.] Testimony from a ballistics expert would not have changed the fact that petitioner's claim that he acted in self-defense was contradicted by his own testimony. *Id.* This Court concurs.

Petitioner's claim that he acted in self-defense was contradicted by his own testimony. No testimony from a ballistics expert would have changed this. Petitioner's claims to the contrary are, at best, speculative and conclusory. Accordingly, petitioner has failed to show that the actual innocence exception applies to his failure to timely file a federal habeas petition.

## B. Merits of the Petition

As this Court has determined that no tolling – statutory or equitable – can save this Petition from a finding that it is time-barred under AEDPA's one year statute of limitations, it will refrain from addressing the merits of the claims presented in petitioner's Amended Petition. [Doc. No. 5.]

## IV. CONCLUSION

Petitioner filed his First Federal Petition on July 11, 2016 [Doc. No. 1] and his Amended Petition on August 10, 2016 [Doc. No. 5]. However, the AEDPA statute of limitations, including all applicable statutory tolling, ended on September 9, 2015. Further, petitioner has failed to carry his burden of establishing that he qualifies for equitable tolling. Accordingly, this Court **RECOMMENDS** that respondent's Motion to Dismiss [Doc. No. 11], be **GRANTED** and that the Amended Petition [Doc. No. 5] be **DISMISSED** as time-barred by AEDPA.

With respect to the recommendations made herein, this Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **30 days from issuance of this Order**, any party to this action may file written objections with the Court and serve a copy on all parties.

16cv1802-JAH (KSC)

The document should be captioned "Objections to Report and Recommendation Re: Defendants' Motion to Dismiss."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **ten days after being served with the objections**. The parties are advised that failure to file objections within the specified may waive the right to raise those objections on appeal of the Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: April 17, 2017

Hon. Karen S. Crawford
United States Magistrate Judge

13