UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. MACE<br><br>Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, WARDEN<br><br>Respondent. | Case No.: 16cv1802-JAH (KSC)<br><br>**ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (2) GRANTING RESPONDENT'S MOTION TO DISMISS; AND (3) DISMISSING PETITIONER'S FIRST AMENDED HABEAS PETITION AS UNTIMELY** |

## **INTRODUCTION**

This matter comes before the Court on Report and Recommendation (the "Report") from the Honorable Karen S. Crawford, United States Magistrate Judge, filed pursuant to 28 U.S.C. § 636(b)(1). *See* Doc. No. 17 (recommending that this Court grant Warden W.L. Montgomery's ("Respondent") motion to dismiss Petitioner William T. Mace's ("Petitioner") first amended petition for a writ of *habeas corpus*). After careful consideration of the entire record, and for the reasons set forth below, this Court **ADOPTS** Judge Crawford's Report, [doc. no. 17], in its entirety; **GRANTS** Respondent's motion to dismiss, [doc. no. 11]; and **DISMISSES** Petitioner's amended *habeas* petition, [doc. no. 5], as untimely.

1

# BACKGROUND

Petitioner is currently serving a prison term of fifty years to life, pursuant to an October 17, 2011 jury conviction for one count of murder and two counts of attempted murder, in connection with a freeway shooting. *See* Doc. No. 12-1. Petitioner filed a timely notice of appeal. *Id.* at 8. On March 27, 2014, the California Court of Appeal affirmed Petitioner's judgment and conviction on all counts. Thereafter, on May 6, 2014, Petitioner moved the California Supreme Court for an order granting direct review of the Court of Appeal decision. Petitioner's request was summarily denied on June 11, 2014. *See* Doc. No. 12-3. Petitioner did not file a writ of certiorari.

On September 23, 2015, Petitioner filed his first petition for a writ of *habeas corpus* in the Superior Court, County of San Diego, [case no. HSC11516], alleging, *inter alia*, ineffective assistance of counsel, and insufficient evidence to support the October, 2011 conviction. *See* Doc. No. 12-9. The petition was denied on the merits. *See* Doc. No. 12-10.

On December 7, 2015, Petitioner filed another *habeas* petition in the California Court of Appeal, Fourth Appellate District, [case no. D069352], pleading the same allegations as those alleged in the petition denied by the Superior Court. *See* Doc. No. 12-11. Two days after filing, the Court of Appeal denied the petition on its merits. *See* Doc. No. 12-12.

On January 11, 2016 and January 19, 2016, respectively, Petitioner filed *habeas* petitions, with the same allegations as the previously denied petitions, in this Court, and the California Supreme Court, [case no. S231901]. *See* Doc. Nos. 1, 12-13. The California Supreme Court denied the petition before it on April 27, 2016. *See* Doc. No. 12-14. The petition pending in this Court was set before Judge Crawford. On July 18, 2016, Judge Crawford denied the petition without prejudice for failure to pay the requisite filing fee and failing to name a respondent. *See* Doc. No. 2.

//
//
//

Petitioner filed the instant amended *habeas petition* on August 10, 2016. *See* Doc. No. 5 (again alleging claims for ineffective assistance of trial and appellate counsel, insufficient evidence to support Petitioner's convictions, and trial court error with respect to a defense witness). On April 18, 2017, pursuant to 28 U.S.C. § 636(b)(1), Judge Crawford filed a Report recommending that the amended *habeas* petition be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Doc. No. 17. Indeed, Judge Crawford found that Petitioner's judgment became final, under AEDPA, on September 9, 2014 (ninety days after the California Supreme Court summarily denied Petitioner's request for direct review of the Court of Appeal's decision). Thus, without the benefit of equitable tolling, Petitioner had no later than September 9, 2015 to file a writ of *habeas corpus* in federal court. *Id*. (citing 28 U.S.C. § 2244(d); *Lawrence v. Florida*, 549 U.S. 327, 329 (2007)). Consequently, Judge Crawford found the amended *habeas petition* time-barred under AEDPA because (1) Petitioner's earliest filed *habeas* petition was filed after September 9, 2015; and (2) "Petitioner has not claimed that he is entitled to equitable tolling, nor has he submitted anything that would support such a claim." *See id*. at 8-10. Pursuant to Fed. R. Civ. P. 72(b)(2), written objections to Judge Crawford's Report were due "no later than 30 days from the issuance of this Order." *See* Doc. No. 17. The record reflects no written objections were filed by either party. Accordingly, for the reasons set forth below, the Court (1) **ADOPTS** the Magistrate Judge's Report, [doc. no. 17], in its entirety; (2) **GRANTS** Respondent's motion to dismiss, [doc. no. 11]; and (3) **DISMISSES WITH PREJUDICE** Petitioner's First Amended Petition for Writ of *Habeas Corpus*, [doc. no. 5].

## DISCUSSION

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to the magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and may "accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "*de novo* review of a [magistrate judge's report and recommendation] is only required when an objection is made"); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise"). This rule of law is well established within the Ninth Circuit and this district. *See Hasan v. Cates*, No. 11–cv–1416, 2011 WL 2470495 (S.D. Cal. June 22, 2011) (Whelan, T.) (adopting in its entirety, and without review, a report and recommendation because neither party filed objections to the report despite having the opportunity to do so); *accord Ziemann v. Cash*, No. 11–cv–2496, 2012 WL 5954657 (S.D. Cal. Nov. 26, 2012) (Benitez, R.); *Rinaldi v. Poulos*, No. 08–cv–1637, 2010 WL 4117471 (S.D. Cal. Oct. 18, 2010) (Lorenz, J.).

Here, the record reflects that no party filed objections to the Report. Thus, in the absence of any objections, the Court **ADOPTS** the Report. For the reasons stated in the Report, which are incorporated herein by reference, Respondent's motion to dismiss, [doc. no. 11], is **GRANTED**, and Petitioner's first amended petition for a writ of *habeas corpus*, [doc. no. 5], is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment reflecting the foregoing.

**IT IS SO ORDERED**.

DATED: September 1, 2017

_____
JOHN A. HOUSTON
United States District Judge